OPINION
Appellant Davidson Phillips, Inc. ("Davidson") is appealing the Delaware County Court of Common Pleas' grant of partial summary judgment on behalf of Appellee The Lawson Company ("Lawson") and denial of Davidson's motion for summary judgment. The following facts give rise to this appeal.
On May 12, 1997, Appellee Lawson filed a complaint against Appellant Davidson seeking specific performance of a real estate purchase contract. Appellee Lawson claims it had a right, pursuant to the contract at issue, to purchase 63,250 square feet of land at the northeast corner of Sawmill Parkway and Presidential Parkway. Appellant Davidson claims Appellee Lawson did not have a right to purchase the property because the contract had, by its own terms, expired after two years without the contingencies being fulfilled and because Appellee Lawson had breached the contract by not depositing $50,000 with the escrow agent as required by paragraph 6(K) of the contract.
The trial court granted summary judgment on behalf of Appellee Lawson finding the contract does not call for an absolute deadline in which to close the real estate transaction and that Appellee Lawson is entitled to specific performance of the contract. The trial court further determined that Appellee Lawson had not made the $50,000 deposit required by paragraph 6(K), but that paragraph 6(K) was merely a contingency and not a contractual obligation. Appellant Davidson filed a motion for reconsideration on June 3, 1998. Appellant also filed an "Alternative Motion for an Order Delineating the Parties' Obligations with Regard to Specific Performance of the Contract." In response, Appellee Lawson requested a mandatory injunction compelling Appellant Davidson to comply with the contingencies of the real estate contract and prohibiting Appellant Davidson from selling any adjoining land without placing restrictive covenants in the corresponding deeds. The trial court granted Appellee Lawson's motion on July 2, 1998.
Appellant Davidson timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR LAWSON BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO THE PROPER CONSTRUCTION OF THE REAL ESTATE PURCHASE CONTRACT.
 II. THE TRIAL COURT ERRED IN DENYING DAVIDSON PHILLIPS' MOTION FOR SUMMARY JUDGMENT AND IN GRANTING LAWSON'S MOTION FOR A MANDATORY INJUNCTION.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I
Appellant contends, in its first assignment of error, the trial court erred when it granted summary judgment on behalf of appellee because ambiguities exist in paragraphs five and six of the purchase agreement. We disagree.
Generally, a trial court is required to presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638, citing Kelly v. Med. LifeIns. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus; Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, syllabus. Only when the contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. Id., citing Kelly at 132. When the terms of a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye PipeLine Co. (1978), 53 Ohio St.2d 241, 246.
The language at issue in appellant's first assignment of error concerns paragraphs five and six of the purchase agreement. Paragraph five provides as follows:
 Unless this agreement is terminated pursuant to the provisions hereof, settlement shall take place, and the Seller shall deliver possession to Buyer, on whichever of the following dates occur first:
 Twenty-four (24) months from the opening of escrow; provided that all of the provisions in (B) below have been fulfilled, or:
 Thirty (30) days after fulfillment of all of the contingencies of this contract and receipt by Buyer of: (1) Title report issued by said Title Company; (2) all necessary permits, licenses, and governmental approvals as herein provided; (3) the survey of the premises.
Appellant contends there are two possible interpretations of paragraph five. First, appellant states paragraph five could require that closing must take place by the first to occur of thirty days after the fulfillment of all contingencies or twenty-four months after the opening of escrow, and in either case, all contingencies must have been fulfilled before any closing may occur. Appellant also maintains paragraph five could also be interpreted to require that closing need not occur within twenty-four months if all the provisions of paragraph (B) are not fulfilled within that twenty-four month period. Appellant argues that this latter interpretation of paragraph five is not applicable because such an interpretation would render subparagraph 5(A) meaningless.
Thus, appellant concludes the first interpretation of paragraph 5 is rational and gives meaning to both paragraphs (A) and (B). Under this interpretation, appellant argues closing must take place by the first to occur of thirty days after the fulfillment of all contingencies or twenty-four months from the opening of escrow, and in either case all contingencies must have been fulfilled before any closing may occur.
We agree with appellee's argument that the language contained in paragraph five is not ambiguous and actually creates three possible scenarios concerning when closing may occur. Each scenario is based on when all contract conditions are fulfilled in relationship to twenty-four months after the opening of escrow. Under the first scenario, all conditions are fulfilled before the expiration of twenty-three months after the opening of escrow. In this event, paragraph 5(B) applies requiring the closing to occur within thirty days after the fulfillment of all conditions, which would require a closing before the expiration of twenty-four months after the opening of escrow.
Under the second scenario, all conditions are fulfilled after the expiration of twenty-four months after the opening of escrow. In this event, paragraph 5(B) still applies, and it requires a closing within thirty days after all contract conditions are fulfilled. Finally, under the third scenario, all conditions are fulfilled between the twenty-third and twenty-fourth month after the opening of escrow. In this event, paragraph 5(A) applies and the closing must occur by the end of the twenty-fourth month after the opening of escrow, even though that would require a closing less than thirty days after the fulfillment of all contract contingencies.
We find, under the plain language of the contract, paragraph 5(A) is not rendered meaningless. Further, if the contract automatically terminated if not closed within the twenty-four month period described in paragraph 5(A), the option given to appellee to terminate the contract if the roads condition was not satisfied by the end of such period renders that provision of the contract meaningless.
Appellant also challenges the fact that the contract did not contain a closing date. When a contract does not contain a closing date, a party does not have an unlimited amount of time in which to fulfill it. If no specific time for the performance of a contract condition is established by the contract, the law will imply that the condition must be fulfilled within a reasonable period of time. See The Roudebush Realty Co. v. Toby (1955),99 Ohio App. 524, 526. In the case sub judice, both parties had a duty to perform, within a reasonable period of time, the conditions each was required to satisfy. There is nothing in the record to indicate appellee violated its duty to perform within a reasonable period of time.
We also find that certain actions by appellant reveals that it knew the real estate contract did not terminate on January 10, 1996. Specifically, appellant approved appellee's site plan and building elevation plan on November 5, 1996, almost ten months after the date on which appellant contends the contract terminated. Further, appellant consented, in writing, to certain changes to the site and elevation plans on March 6, 1997, almost one year and two months after the alleged termination of the real estate contract. Appellant also argues, in support of its first assignment of error, that appellee failed to increase the funds in the escrow account under paragraph 6(K) and therefore breached the real estate contract. The introductory section of paragraph 6(K) provides, in relevant part: "The parties acknowledge that this agreement is contingent upon the following conditions and the failure of any one of them shall enable Buyer or its assign to void this agreement." Various conditions are listed in subparagraphs (A) through (L) of paragraph 6. However, under the clear language of paragraph 6, the failure of any one condition, including the escrow condition contained in paragraph 6(K), would allow only appellee, and not appellant, to terminate the real estate contract.
Further, paragraph 6(K) provides that the purpose of the increased escrow was to give appellant an inducement to satisfy the roads condition within the twenty-four month period contained in paragraph 5(A). Under the language of the real estate purchase contract, if appellee did not increase the escrow, appellee could not unilaterally terminate the contract simply because the roads were not completed and dedicated for public use within the twenty-four month period.
Appellee did not increase the escrow account as provided for in paragraph 6(K). Appellant did not satisfy the roads condition by January 10, 1996. Consequently, appellee could not and did not attempt to terminate the real estate purchase contract because of the timing of the satisfaction of the roads condition. Thus, appellant cannot argue, on appeal, that it can refuse to close the real estate purchase contract because the escrow was not increased pursuant to paragraph 6(K). Such an argument is not supported by the clear and unambiguous language of the contract.
Appellant's first assignment of error is overruled.
 II
In its second assignment of error, appellant contends the trial court erred in denying its motion for summary judgment and in granting appellee's motion for a mandatory injunction. We disagree.
Appellant's second assignment of error focuses on paragraph 6(F) of the real estate purchases contract. This paragraph provides:
 (F) Seller specifically covenants and agrees that it will not permit the operation of any convenience store or any store with gross area less than 10,000 square feet selling beer or wine for off-premises consumption on Seller's adjoining property described on Exhibit "D". Seller further covenants that it will not permit any other tenant or Purchaser of Seller's adjoining property on Exhibit "C" to sell or offer for sale motor fuel or petroleum products. Seller agrees to insert such restrictions in all Leases and/or sales contracts which it signs with tenants or property purchasers of said prescribed area, and also in any deeds by which Seller conveys all or any portions of said prescribed area.
Appellant argues that the trial court erred when it denied its motion for summary judgment because if subparagraph 6(K) is merely a contingency, and not a promise, then paragraph 6(F) is also a contingency and appellee is therefore not entitled to specific performance. We do not find the trial court's ruling on this issue to be inconsistent. The introductory section of paragraph 6 provides, in clear and unambiguous language, that only appellee could terminate the contract if one or more of the conditions contained in paragraph 6 were not satisfied. Further, the language in paragraph 6(K) clearly and unambiguously provides that the consequences of not increasing the escrow was not to that appellant could refuse to close the contract, but instead that appellee could not terminate the contract on the sole basis that the roads conditions was not satisfied by January 10, 1996. We further find no language contained in the real estate purchase contract prevents appellee from enforcing the use restrictions contained in paragraph 6(F).
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.