This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Hall, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On February 20, 2001, Mr. Hall filed a complaint against A.C. Credit Union, Inc. ("A.C. Credit Union"); the Trustees of A.C. Credit Union; Joanne Sam, in her official and individual capacity; George Sam, in his official and individual capacity; and John Doe, employee of A.C. Credit Union. In his complaint, with regard to each individual and entity named, Mr. Hall alleged breach of contract, fraud, willful violations of the Ohio Revised Code, improper and inappropriate actions, and racial discrimination in violation of R.C. 4112.
{¶ 3} A.C. Credit Union is a non-profit, member-owned credit union. George Sam is a member of A.C. Credit Union's Board of Directors. Joanne Sam was an employee of A.C. Credit Union. Mr. Hall is an employee of Consolidated Freightways, a member of A.C. Credit Union. In a separate case, Mr. Hall had filed a complaint against Consolidated Freightways alleging racial discrimination.
{¶ 4} Mr. Hall holds a share account with A.C. Credit Union which operates in a manner similar to a checking account. In July 1989, Mr. Hall obtained a Visa account through A.C. Credit Union. The Visa account was cancelled on October 20, 1989 due to repeated excess charges. Mr. Hall obtained another Visa account in April of 1992. Mr. Hall exceeded the credit limit sixty-seven times during the following eighty-three months. In the fourteen months prior to the card's cancellation, Mr. Hall was over the credit limit every month. Subsequently, A.C. Credit Union cancelled Mr. Hall's Visa account.
{¶ 5} Mr. Hall offered to pay off the Visa account balance by February 7, 1999. When Mr. Hall did not pay off the balance by that date, A.C. Credit Union froze his share account. On March 25, 1999, Mr. Hall agreed to make payments of $150.00 per month on the balance of his Visa account in exchange for A.C. Credit Union releasing the share account. A.C. Credit Union released the share account and Mr. Hall began to make the $150.00 per month payments. Subsequently, Mr. Hall initiated the present suit.
{¶ 6} On January 17, 2002, A.C. Credit Union, Trustees of A.C. Credit Union, and George Sam filed separate motions for summary judgment. On February 14, 2002, Joanne Sam filed a motion for leave to file a motion for summary judgment instanter. The trial court granted all Appellees' motions for summary judgment. It is from this order that Mr. Hall appeals.
{¶ 7} Mr. Hall raises six assignments of error. We will address each in turn.
 First Assignment of Error {¶ 8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE CREDIT UNION'S ON APPELLANTS' [sic.] CLAIMS OF VIOLATION OF R.C. 1733.24
AND BREACH OF CONTRACT."
{¶ 9} In his first assignment of error, Mr. Hall asserts that the trial court erred in granting A.C. Credit Union's motion for summary judgment with regard to Mr. Hall's claims of breach of contract and violation of R.C. 1733.24. We disagree.
{¶ 10} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. "[Appellate courts] review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." AmericanEnergy Servs. v. Lekan (1992), 75 Ohio App.3d 205, 208. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 11} "(1) No genuine issue as to any material fact remains to be litigated;
 {¶ 12} (2) the moving party is entitled to judgment as a matter of law; and
 {¶ 13} (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 14} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 15} A.C. Credit Union asserts that it is entitled to summary judgment based on a contractual right to set off. Chapter 1733 of the Ohio Revised Code governs credit unions. R.C. 1733.24(F) provides:
 {¶ 16} "Unless otherwise provided by written agreement of the parties, the rights, responsibilities, and liabilities attaching to a share draft withdrawn from, transferred to, or otherwise handled by a credit union are defined in and governed by Chapters 1303. and 1304. of the Revised Code, as if the credit union were a bank."
{¶ 17} Courts will generally presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Kelly v. Med Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Only when the language of the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the language of the contract special meaning, will extrinsic evidence be considered to determine the parties' intentions. Id. at 132. The Ohio Supreme Court set forth a test to determine whether a contract is ambiguous: "common words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246.
{¶ 18} In the present case, there was a written agreement between the parties. Mr. Hall signed a pledge agreement which stated:
 {¶ 19} "By signing below, you pledge to us and grant us a security interest in the following shareholdings with us, to secure your VISA account. You authorize us to apply these shareholdings to pay any amounts due on the account or under this agreement if you should default."
{¶ 20} According to R.C. 1733.24(F), as the parties to this case have a written agreement, their pledge agreement governs the parties' rights, responsibilities and liabilities regarding Mr. Hall's share account. However, Mr. Hall asserts that the pledge agreement does not specify the share account number or the amount pledged. Therefore, Mr. Hall asserts that he granted A.C. Credit Union a "security interest in zero of Appellant's accounts for zero dollars." If the absence of this information makes the contract ambiguous, then extrinsic evidence will be considered to determine the parties intentions. See Kelly,31 Ohio St.3d at 132. Accordingly, the threshold issue is whether the pledge agreement is ambiguous.
{¶ 21} According to the language of the pledge agreement, by signing the pledge agreement Mr. Hall pledged his share account as security for his Visa account. The language in the pledge agreement does not limit the amount pledged. Mr. Hall does not dispute that he has only one share account with A.C. Credit Union. Giving the words of the pledge agreement their ordinary meaning, Mr. Hall pledged his entire existing share account by signing the pledge agreement. The lack of an identifying account number or amount pledged does not change the agreement.
{¶ 22} There is no genuine issue of material fact regarding R.C.1733.24 or a breach of contract, A.C. Credit Union was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that A.C. Credit Union did not violate R.C. 1733.24 or breach the contract. Mr. Hall's first assignment of error is overruled.
 Second Assignment of Error {¶ 23} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE CREDIT UNION ON APPELLANTS' [sic.] CLAIMS OF RACIAL DISCRIMINATION IN VIOLATION OF R.C. 4112 et. seq."
{¶ 24} In his second assignment of error, Mr. Hall asserts that the trial court erred in granting A.C. Credit Union's motion for summary judgment on Mr. Hall's claim of racial discrimination in violation of R.C. 4112. We disagree.
{¶ 25} As pertinent to this assignment of error, the standard of review for summary judgment has been discussed previously in the first assignment of error.
{¶ 26} In its motion for summary judgment, A.C. Credit Union attached an affidavit of Madeline Smith, the Visa Program Manager for A.C. Credit Union during the period when Mr. Hall's share account was frozen. In the affidavit, Ms. Smith stated that "[a]t no time was Mr. Hall's race or any controversy between Mr. Hall and his employer a factor in the termination of Mr. Hall's Visa account," rather, the account was cancelled due to the "long overdrawn status of the account."
{¶ 27} In response, Mr. Hall asserted that A.C. Credit Union began withholding his funds only after he filed his complaint for racial discrimination against his employer, Consolidated Freightways. Mr. Hall stated that A.C. Credit Union's Board Members are past or present employees of Consolidated Freightways and that A.C. Credit Union was formed by employees of Consolidated Freightways. In addition, Mr. Hall stated that the President of A.C. Credit Union, Ernest Steele, spoke about Mr. Hall's discrimination case with George Sam. Mr. Hall attached the deposition of Mr. Steele to his response to the motion for summary judgment. In the deposition, Mr. Steele relates the conversation he had with George Sam: "George is there at the board meeting, and I asked him, `were you included in' — we were at the board meeting — `the lawsuit with [Consolidated Freightways],' and George said, `yes,' and that was it."
{¶ 28} A.C. Credit Union met its Dresher burden through the affidavit of Ms. Smith, which shows an absence of a genuine issue of material fact as to Mr. Hall's claim of discrimination. Once the movant has met its burden, the nonmoving party must offer specific facts showing a genuine issue for trial. Dresher, 75 Ohio St.3d at 293. Mr. Hall has not met this burden by merely showing that Mr. Steele inquired whether George Sam was named in Mr. Hall's suit against Consolidated Freightways.
{¶ 29} There is no genuine issue of material fact regarding the claim of discrimination, A.C. Credit Union was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that A.C. Credit Union did not discriminate against Mr. Hall. Mr. Hall's second assignment of error is overruled.
 Third Assignment of Error {¶ 30} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE CREDIT UNION ON APPELLANTS' [sic.] CLAIMS OF FRAUD."
{¶ 31} In Mr. Hall's third assignment of error, he asserts that the trial court erred in granting summary judgment in favor of A.C. Credit Union on his claim of fraud. We disagree.
{¶ 32} As pertinent to this assignment of error, the standard of review for summary judgment has been discussed previously in the first assignment of error.
{¶ 33} Mr. Hall alleged that A.C. Credit Union committed fraud when it froze Mr. Hall's share account and only released the account when he agreed to make monthly payments of $150.00. In its motion for summary judgment, A.C. Credit Union avers that it did not commit fraud against Mr. Hall because it had the authority to freeze his account. Mr. Hall's claim of fraud was premised on the assertion that he raised in the first assignment of error, that A.C. Credit Union did not have the authority to apply the funds in Mr. Hall's share account to his outstanding Visa balance. As this Court found in the first assignment of error, there is no genuine issue of material fact with regard to whether A.C. Credit Union had the right to access Mr. Hall's funds according to the pledge agreement.
{¶ 34} There is no genuine issue of material fact regarding Mr. Hall's claim of fraud, A.C. Credit Union was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — A.C. Credit Union did not commit fraud as alleged by Mr. Hall. Mr. Hall's third assignment of error is overruled.
 Fourth Assignment of Error {¶ 35} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE GEORGE SAM."
{¶ 36} In his fourth assignment of error, Mr. Hall asserts that the trial court erred by granting George Sam's motion for summary judgment. We disagree.
{¶ 37} As pertinent to this assignment of error, the standard of review for summary judgment has been discussed previously in the first assignment of error.
{¶ 38} George Sam attached an affidavit to his motion for summary judgment. In the affidavit, he stated that "[a]t no time prior to April 7, 1999, did he participate in any decision pertaining to the account of Mr. Hall. At no time prior to April 7, 1999 did he participate in or overhear any discussions concerning the credit union accounts of James Hall." In response, Mr. Hall asserted that Mr. Steele, President of A.C. Credit Union, spoke with George Sam regarding his involvement with the discrimination case between Mr. Hall and Consolidated Freightways, referencing the deposition of Mr. Steele discussed in the second assignment of error. Mr. Hall also asserts that George Sam did not comply with discovery requests.
{¶ 39} George Sam met his Dresher burden through his affidavit which shows an absence of genuine issue of material fact as to Mr. Hall's claims. Once the movant has met its burden, the nonmoving party must offer specific facts showing a genuine issue for trial. Dresher,75 Ohio St.3d at 293. Mr. Hall has not presented any facts demonstrating that George Sam was involved in any decisions regarding Mr. Hall's share account or Visa account, but has merely shown that Mr. Steele inquired whether George Sam was named in Mr. Hall's suit against Consolidated Freightways. Mr. Hall has not met his Dresher burden.
{¶ 40} There is no genuine issue of material fact regarding Mr. Hall's claims against George Sam, George Sam is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that George Sam did not breach a contract with Mr. Hall, did not commit fraud, and did not discriminate against Mr. Hall. Mr. Hall's fourth assignment of error is overruled.
 Fifth Assignment of Error {¶ 41} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE JOANNE SAM ON APPELLANTS' [sic.] CLAIMS."
{¶ 42} In his fifth assignment of error, Mr. Hall argues that the trial court erred in granting Joanne Sam's motion for summary judgment. We disagree.
{¶ 43} As pertinent to this assignment of error, the standard of review for summary judgment has been discussed previously in the first assignment of error.
{¶ 44} Mr. Hall's claims against Joanne Sam, in her individual and official capacity, are identical to Mr. Hall's claims against A.C. Credit Union. In her motion for summary judgment, Joanne Sam asserted that there is no evidence which would establish her culpability with regard to any of the claims. Joanne Sam incorporated and referenced A.C. Credit Union's motion for summary judgment in her motion for summary judgment. Attached to A.C. Credit Union's motion for summary judgment is Joanne Sam's affidavit. In her affidavit, Joanne Sam stated that "[a]t all pertinent times, she has been an employee of A/C Credit Union, Inc." She further stated that, at the time Mr. Hall's share account was frozen, the amount Mr. Hall owed to A.C. Credit Union exceeded the amount in the share account. In addition, Joanne Sam stated that "[t]he race of Mr. Hall played no role in the decisions made on his accounts at the credit union."
{¶ 45} In response to her motion for summary judgment, Mr. Hall argued that Joanne Sam has not met her Dresher burden of demonstrating an absence of a genuine issue of material fact. We disagree. Joanne Sam identified the portions of the record which demonstrate an absence of genuine issue of material fact and pointed to evidence in the record of the type listed in Civ.R. 56(C) in support of her motion. Dresher,75 Ohio St.3d at 293. In doing so, Joanne Sam has met her burden. With regard to the breach of contract claim, this Court noted in the first assignment of error that there was no genuine issue of material fact regarding whether A.C. Credit Union was within its rights to freeze Mr. Hall's share account. Therefore, as Joanne Sam argues in her motion for summary judgment, if A.C. Credit Union is not liable, she is also not liable because there would be no breach of contract. With regard to the claim of fraud, this Court noted in the third assignment of error that Mr. Hall's claim of fraud was premised on the assertion that A.C. Credit Union did not have the authority to freeze his share account. Because there is no genuine issue of material fact regarding whether A.C. Credit Union had the authority to freeze Mr. Hall's share account, A.C. Credit Union demonstrated an absence of genuine issue of material fact regarding the claim of fraud and Mr. Hall did not offer any facts showing a genuine issue for trial. Finally, as to the discrimination claim, Joanne Sam's own affidavit states that race was not a factor in the decisions regarding Mr. Hall's share account.
{¶ 46} Mr. Hall did not set forth any evidence in his response to Joanne Sam's motion for summary judgment that would demonstrate a genuine issue of material fact. There is no genuine issue of material fact regarding Mr. Hall's claims against Joanne Sam, she is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that Joanne Sam did not breach a contract with Mr. Hall, did not commit fraud, and did not discriminate against Mr. Hall.
{¶ 47} Mr. Hall's fifth assignment of error is overruled.
 Sixth Assignment of Error {¶ 48} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE TRUSTEES OF A/C CREDIT UNION."
{¶ 50} In his sixth assignment of error, Mr. Hall's avers that the trial court erred in granting the Trustees of A.C. Credit Union's motion for summary judgment. We disagree.
{¶ 51} While Mr. Hall's sixth assignment of error asserts that the trial court erred in granting the Trustees of A.C. Credit Union's motion for summary judgment, the body of his argument is that the trial court abused its discretion in denying Mr. Hall's motion for leave to amend the complaint instanter. However, Mr. Hall does not argue that the trial court's denial of his motion for leave to amend is error. Therefore, this Court will reserve its discussion to the assigned error regarding the trial court's granting of summary judgment. As pertinent to this assignment of error, the standard of review for summary judgment has been discussed previously in the first assignment of error.
{¶ 52} In its motion for summary judgment, the Trustees of A.C. Credit Union argued that they were not a proper party because they are not a legal entity. In its response to the Trustees' motion for summary judgment, Mr. Hall did not dispute that the Trustees are not a proper party. There is no genuine issue of material fact regarding Mr. Hall's claims against the Trustees, the Trustees are entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion — that the Trustees did not breach a contract with Mr. Hall, did not commit fraud, and did not discriminate against Mr. Hall.
{¶ 53} Mr. Hall's sixth assignment of error is overruled.
{¶ 54} Mr. Hall's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.