DECISION AND JUDGMENT ENTRY
{¶ 1} John and Angela Fadelsak appeal the Ironton Municipal Court's decision finding that they entered into a land contract, rather than a lease, with James Edward Hagley. The Fadelsaks contend that their agreement with Hagley was a lease subject to Ohio's Landlord Tenant Law. Because the contract is ambiguous, and because the record contains some competent, credible evidence that the parties intended a purchase agreement, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Fadelsaks and Hagley entered into a contract entitled "Lease With Option to Purchase" regarding a home and approximately seventeen acres of land in Lawrence County, Ohio. Under the terms of the contract, the Fadelsaks paid Hagley $5,000 down and agreed to pay $404.88 per month for 240 months. The contract gave the Fadelsak's the exclusive option to purchase the real estate for the sum of $45,000 plus 9% interest. The contract provided that all monthly payments made by the Fadelsaks would apply toward the purchase price of the real estate. It entitled the Fadelsaks to exercise their purchase option at any time during the lease term.
 {¶ 3} Pursuant to the contract, the Fadelsaks agreed to take the property "as is" and take responsibility for all maintenance and repairs, with the exception of certain specific repairs Hagley agreed to provide at the outset. The Fadelsaks also agreed to pay the real estate taxes and maintain homeowners insurance on the property during the term of the lease.
 {¶ 4} After taking possession of the real estate, the Fadelsaks determined that the home was uninhabitable and attempted to rescind the agreement. They filed a complaint in the trial court claiming that Hagley violated Ohio's Landlord Tenant Act, R.C. 5321.01 et seq., by failing to maintain the premises in a fit and habitable condition. The Fadelsaks sought the return of their $5,000 and monies spent on improvements to the property. Hagley filed an answer and counterclaim, seeking unpaid rental payments and damages.
 {¶ 5} At trial, John Fadelsak testified that he intended to purchase the property when he signed the contract obligating him to a twenty-year term. He viewed the $5,000 as a down payment. Likewise, Angela Fadelsak testified that she believed the contract was structured as a lease with option to purchase because they could not finance the purchase of Hagley's property through a bank. Angela Fadelsak further testified that she would have expected to receive a deed for the property if they had made all two hundred forty payments.
 {¶ 6} The trial court concluded that the contract between the parties constituted a land contract rather than a lease. Therefore, the court ruled that the agreement was not subject to the Landlord Tenant Act. The court dismissed the Fadelsak's complaint and Hagley's counterclaim.
 {¶ 7} The Fadelsaks appeal, asserting the following assignment of error: "The trial court erred in holding that the contract in question was not subject to Ohio's Landlord/Tenant Act."
 II. {¶ 8} The Fadelsaks argue that their agreement with Hagley is a lease agreement, and assert that the trial court erred in determining that the agreement, despite its title as a "Lease with Option to Purchase," is actually a land contract.
 {¶ 9} A court must interpret a contract so as to carry out the intent of the parties. Foster Wheeler Enviresponse, Inc. v. Franklin Co.Convention Facilities Auth. (1997), 78 Ohio St.3d 353; Skivolocki v. EastOhio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Shifrin v. Forest CityEnts., Inc. (1992), 64 Ohio St.3d 635; Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of the syllabus. If a contract is clear and unambiguous, then its interpretation is a matter of law that we review de novo. Nationwide Mut. Fire. Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108. However, if the contract is ambiguous, ascertaining the parties' intent constitutes a question of fact. CraneHollow, Inc. v. Marathon Ashland Pipeline, LLC (2000), 138 Ohio App.3d 57,74. We will not reverse a factual finding of the trial court so long as some competent, credible evidence supports it. See C.E. Morris Co. v.Foley Constr. Co. (1974), 54 Ohio St.2d 279, syllabus.
 {¶ 10} To determine whether a written agreement is a lease or a land contract, the court should analyze the intent of the parties as evidenced in the written agreement. Hubbard v. Dillingham,2003-Ohio-1443, Butler App. No. CA2002-02-045 at ¶ 11; In re D.W.E.Screws Products, Inc. (Bkrtcy.S.D.Ohio1993), 157 B.R. 326, citing In reVictoria Hardwood Lumber Co., Inc. (Bkrtcy.S.D.Ohio1988), 95 B.R. 954. In determining intent, the court should consider factors such as: (1) the characterization of the document; (2) the lessee's rights at the end of the lease term; (3) the application of rent to the purchase price; (4) the responsibility for payments for repairs, utilities, and taxes; (5) the nonexistence of a financing statement; and (6) whether an option to purchase existed. D.W.E. Screws at 330; Hubbard at ¶ 11. If necessary, the court may also consider the factual circumstances surrounding the parties' agreement. D.W.E. Screws at 330; Hubbard at ¶ 11.
 {¶ 11} Ohio courts have defined a "lease" as "a conveyance of an estate in real property for a limited term, with conditions attached, in consideration of rent." Cuyahoga Metropolitan Housing Authority v.Watkins (1984), 23 Ohio App.3d 20, 23, quoting Jones v. Keck (1946),79 Ohio App. 549, 552. A "land installment contract" is "an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts." R.C. 5313.01; Hubbard at ¶ 12 — ¶ 14.
 {¶ 12} Based on the definitions of lease and land installment contract, and upon the intent of the parties as evidenced in the terms of the written agreement and the circumstances surrounding the written agreement, we find that the trial court did not err in concluding that the agreement is a land contract rather than a lease with an option to purchase. Although the agreement is captioned, "Lease with Option to Purchase," the agreement applies all rent paid to the purchase price. The agreement obligates the Fadelsaks to make rent payments for two hundred forty months, and implies that the Fadelsaks would gain ownership of the property upon the end of the lease term. The agreement treats the Fadelsaks as property owners, requiring them to be responsible for all maintenance, repairs, taxes, and insurance. Moreover, while a typical lease agreement may require a security deposit equivalent to one or two months rent, the agreement in this case required a payment, similar to a downpayment, of approximately ten percent of the purchase price for the real estate.
 {¶ 13} Additionally, the circumstances surrounding the agreement indicate that the parties intended a purchase agreement. The Fadelsaks both testified that they intended to purchase the real estate, and Angela Fadelsak testified they believed they would own the real estate if they made all two hundred forty payments under the lease. Ms. Fadelsak also testified that the contract was designed as a lease with option to purchase only because they could not finance the property through a bank.
 {¶ 14} We find that the language employed in the agreement between the Fadelsaks and Hagley, while somewhat ambiguous given the caption of the document, indicates overall that the parties intended a land installment contract. Moreover, we find that the record contains some competent, credible evidence, in the form of the Fadelsaks' testimony, that the parties intended a land installment contract. As such, the trial court did not err in finding that the agreement constitutes a land installment contract rather than a lease, or that the Landlord Tenant Act does not apply to the agreement.
 {¶ 15} Accordingly, we overrule the Fadelsaks' sole assignment of error and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Harsha, J.: Concur in Judgment and Opinion.