Kelly et al., Appellants, *v.* Medical Life Insurance Company;
Kelly, Appellee.

[Cite as Kelly *v.* Medical Life Ins. Co. (1987),
31 Ohio St. 3d 130.]

(No. 86-1449 — Decided June 24, 1987.)

*Kemp, Schaeffer & Rowe Co., L.P.A.,* and *Harold R. Kemp,* for appellants.

*W. Richard Hayes,* for appellee.

DOUGLAS, J. Appellee Joseph Kelly concedes that a constructive trust should be imposed in appellants' favor on the insurance proceeds at bar. The sole question remaining for our determination is whether the constructive trust is to be imposed on the entire amount of such proceeds, or only on that portion which would be necessary to satisfy James Kelly's child support obligation. For the following reasons, we conclude that appellants are entitled to the imposition of a constructive trust on the entire amount of the insurance proceeds in this case.

The settlement agreement between Cordelia E. Kelly and appellants' father James Kelly was essentially incorporated into the decree of divorce effective March 16, 1984, approximately five weeks before James Kelly's death. The decree set forth the obligations of James Kelly as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [James Kelly] shall pay directly to * * * [Cordelia E. Kelly], as and for child support, the sum of One Hundred Dollars ($100) per week until his obligation to pay child support ceases.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [James Kelly] shall pay to * * * [Cordelia E. Kelly], as and for a property settlement, the sum of Three Thousand Dollars ($3,000). * * *

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [James Kelly] shall provide health and medical insurance for the minor children of the parties and he shall pay all health, medical, dental and optical expenses for said children not covered by insurance until his support obligation ceases.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [James Kelly] *shall name the minor children as beneficiaries on all life insurance he has through his place of employment and Veterans Administration so long as his support obligation exists. * * *"* (Emphasis added.)

The court of appeals held that a genuine issue of fact remained as to whether appellants were entitled to the entire amount of the proceeds or to only that portion necessary to discharge James Kelly's remaining child support obligation. The court, in finding summary judgment incorrect, reasoned that the evidence could permit a conclusion that the parties to the agreement and decree intended the life insurance proceeds merely as security for James Kelly's child support obligation, in which case appellants would not be entitled to all the proceeds. We disagree.

The purpose of contract construction is to effectuate the intent of the parties. *Skivolocki* v. *East Ohio Gas Co.* (1974), 38 Ohio St. 2d 244, 67 O.O. 2d 321, 313 N.E. 2d 374, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. *Id.*; *Blosser* v. *Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus. A court will resort to extrinsic evidence in its effort to give effect to the parties' intentions only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning. See *Blosser, supra,* at paragraph two of the syllabus; 4 Williston on Contracts (3 Ed. 1961) 532-533, Section 610B.

The pertinent provision of the divorce decree as set forth *supra* expresses the intent of the parties in clear and intelligible language. The clause in question provides that James Kelly *"shall name the minor children as beneficiaries* on all life insurance he has through his place of employment and Veterans Administration *so long as his support obligation exists."* (Emphasis added.) This clause does not limit the *amount* of life insurance proceeds to which appellants would be entitled. It limits only *the period of time* during which they are entitled to be named beneficiaries. Had James Kelly fulfilled his obligation to designate appellants as beneficiaries before he died, the entire policy proceeds would have been payable to appellants without regard to any unpaid balance of child support payments.

We find no evidence in the record of special circumstances surrounding the agreement which might justify a different interpretation. The original draft of the settlement agreement, which was incorporated in more formal terms into the divorce decree, reads: "LIFE INSURANCE: All life ins. thru work (State of Ohio) & V.A. to children so long as support obligation exists." It contains no indication that the life insurance obligation was related to the child support obligation in any manner except that of duration.

Nor does our review of the agreement as a whole require a different

result. As in the original draft, the life insurance obligation in the decree is set forth separately and apart from, and in addition to, the child support obligation. The only conclusion to be drawn is that the parties to the agreement and divorce decree did not intend to limit the amount of life insurance proceeds to which appellants would be entitled in the event James Kelly died before appellants attained majority. Had the parties intended such a limitation, they could easily have so provided.

In *Ferguson* v. *Owens* (1984), 9 Ohio St. 3d 223, 9 OBR 565, 459 N.E. 2d 1293, this court found that a constructive trust is the appropriate remedy to ensure that insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree, such persons having an equitable right superior to the legal right of the designated beneficiary of the policy. *Id.* at 225-226, 9 OBR at 567-568, 459 N.E. 2d at 1295-1296. We find that appellants are the proper beneficiaries of the insurance proceeds herein and a constructive trust is hereby imposed on the entire amount of the policy proceeds in this case for the benefit of appellants.

Accordingly, the judgment of the court of appeals as to the issue appealed is reversed and the judgment of the trial court is reinstated. The cause is hereby remanded to the trial court for proper distribution of the proceeds to appellants.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.