The following appeal arises from the decision of the Mahoning County Court of Common Pleas affirming a magistrate's decision as related to an action on a promissory note. For the reasons set forth below, the decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this court's opinion.
 I. FACTS
On July 11, 1985, George T. Turner and G.T. Motorcar Company, appellees, executed and delivered a promissory note to First Federal Savings Loan Association. This note was subsequently assigned to Federal Financial Company, appellant, on April 20, 1995, pursuant to an allonge which was executed by a receiver on behalf of First Federal Savings Loan Association.
The terms of the note established a line of credit in the amount of $25,000 with "said principal and interest at the rate of 13.00% to be payable on demand." From the inception of the loan until February 28, 1991, appellees made a series of payments as related to the line of credit. However, on February 28, 1991, a letter was forwarded to appellees which stated in pertinent part: "This loan is payable on demand and we are exercising the demand provision of the note." The note further reflected that as of March 22, 1991, the amount of principal due on the note was $23,866.66 in addition to $1,258 in interest.
Following the assignment of the loan to appellant, an additional demand was made for payment. In that this demand met with no response, appellant filed a complaint against appellees on February 15, 1996 demanding payment of the principal in the amount of $23,866.66 as well as $11,900.63 allegedly due in interest as of September 1, 1995. The complaint further sought an additional $8.50 per diem in interest for the period of time following September 1, 1995. In appellees answer filed on April 15, 1996, it was admitted that a promissory note was executed in favor of First Federal Savings Loan Association and that said loan was not paid in full. However, appellees disputed the amount due on the note and they had refused to pay the balance owed.
On May 3, 1996, appellant filed a motion for summary judgment in which it contended that it was the holder of the note, the balance on said note had not been paid upon demand and the balance has been established by the terms of the note. As such, appellant argued it was entitled to judgment on the note as a matter of law. Appellees responded that a genuine issue of material fact existed as to the balance due on the note. Support for this contention was felt to exist due to the fact that the documents relied upon by appellant to arrive at the balance on the note were not from appellant's actual records. Furthermore, it was asserted that the documents relied upon were incomplete and the calculations in such were unsubstantiated thereby necessitating a full hearing as to the issue of the balance due on the note.
Following a review of the motion by a magistrate, a decision was issued on September 18, 1996 holding that the evidence submitted by appellant indicated that payments had been made between 1986 and 1992 but such did not result in any reduction in the principal balance. The magistrate further held that Federal Savings Loan Association improperly applied all the payments to the interest owed on the note. Eased upon what the magistrate felt were inaccuracies in the application of payments and the calculation of the balance owing, it was determined that summary judgment should be denied. Appellant filed objections to this decision on October 18, 1996. However, the trial court chose to adopt the decision and set the matter for a trial on the merits.
A trial was held before a magistrate on April 25, 1997 as related to the issue of the balance owed by appellees on the promissory note. In the decision issued by the magistrate on April 29, 1997 it was held that the principal became due and interest began to accrue when Federal Savings Loan Association first made a demand on the note on February 28, 1991. Prior to this point in time, no interest accrued and therefore all payments made by appellees should have been applied to the principal of the note. Based upon appellant's testimony regarding the dates and amounts of payment made on the note, the magistrate held that as of the date of the judgment appellees owed $13,772.98 on the note. Additionally, the magistrate ordered interest to accrue on said amount at the rate of 13% per annum from May 17, 1997 until such time as appellees had fulfilled their obligation.
Appellant filed objections to this decision on May 13, 1997. After reviewing appellant's objections, the trial court chose to affirm the magistrate's decision and adopt it as its own. This timely appeal followed on July 29, 1997.
 II. ASSIGNMENTS OF ERROR
Appellant raises two assignments of error on appeal. Its first assignment of error reads as follows:
 "THE MAGISTRATE'S DECISION AND SUBSEQUENT JUDGMENT BY THE TRIAL COURT IS NOT SUPPORTED BY ANY EVIDENCE."
Appellant's second assignment of error reads:
 "AS A MATTER OF LAW, INTEREST ACCRUED FROM THE DATE OF THE PROMISSORY NOTE."
Due to the fact that this court has determined that a reversal of the trial court's decision is warranted as related to appellant's second assignment of error, appellant's first assignment of error is essentially rendered moot. As such it will not be addressed herein. See App. R. 12 (A) (1) (c).
Under appellant's second assignment of error, it is argued that the trial court erred by finding that interest did not begin to accrue on the promissory note until appellant made demand for payment on February 28, 1991. Rather, appellant asserts that interest began to accrue at the time appellees executed and delivered the note on July 11, 1985. While the note did indicate that no payment was due until a demand was made, such language did not prevent the accrual of interest at the rate specified in the note from the promissory note's inception.
 A. APPLICABLE LAW
The cardinal purpose of judicial examination of any written instrument is to ascertain and give effect to the intent of the parties to said instrument. Foster Wheeler Enviresponse, Inc. v.Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353,361 citing Aultman Hosp. Assn. v. Community Mut. Ins. Co.
(1989), 46 Ohio St.3d 51, 53. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Id. citing Kelly v. Medical LifeInsurance Co. (1987), 31 Ohio St.3d 130, 132. During the course of the judicial examination of a written instrument, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 245. In so doing, if the terms of the contract are determined to be clear and unambiguous, the interpretation of the language is a question of law reviewed de novo on appeal.State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511.
It is a well-settled principle that the statutory law existing at the time a contract is executed becomes part of the contract.Eastern Mach. Co. v. Peck (1954), 161 Ohio St. 1, 6. Therefore, in addition to the principles espoused by this court as related to the interpretation of contractual language, we must also review and apply any statutory law which may be applicable to the promissory note in the case at bar. Both parties cite in their briefs to R.C. 1303.17. The version of this section of the Ohio Revised Code which was in effect at the time appellees executed and delivered the promissory note was entitled "Ambiguous terms and rules of construction" and stated in relevant part:
"The following rules apply to every instrument:
* * *
 (D) Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue."
A review of the Official Comments to R.C. 1303.21 clearly indicates that R.C. 1303.17 (D) is applicable to the situation at bar. According to paragraph 2 of the Official Comments, R.C.1303.17 controls where a note contains a provision for interest but fails to specify the rate or the time from which interest runs. R.C. 1303.21 is deemed applicable only to situations in which no provision for interest is provided within the terms of the note.
 B. ANALYSIS
The provision of the promissory note which is at issue in the case sub judice reads as follows:
 "ON DEMAND after date, the Undersigned promises to pay to the order of FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION * * * a sum not to exceed * * * $25,000.00, said principal and interest at the rate of 13.00% to be payable ON DEMAND * * *."
The plain language of this portion of the promissory note reveals that the parties did include a provision for interest at the rate of 13%. At issue is the point in time in which said interest begins to accrue on the note. Appellees assert that the language of the promissory note establishes that interest does not begin to accrue until such time as appellant or its predecessor in interest made demand for payment. As such, it is argued that the decision of the trial court should be affirmed.
However, applying the plain and ordinary meaning of the language utilized in the note does not lead this court to such a conclusion. The relevant provision of the note indicates that appellees promise "to pay * * * principal and interest at the rate of 13.00%". The note further specifies that said amount is "to be payable ON DEMAND." As appellant correctly points out, appellees seem to confuse the concepts of "payable" and "accrual." The clear language of the note establishes when the interest and principal are payable, that being upon demand by appellant or its predecessor in interest. Such terminology does not equate to a holding that interest does not begin to accrue until demand is made upon the note. Noticeably absent from the terms of the note are specifications as to when interest begins to accrue. In absence of such, R.C. 1303.17 must be applied which specifies that in such instances, interest builds upon the principal "from the date of the instrument."
An almost identical situation was analyzed by the Ninth District Court of Appeals in Hartong v. Petit (Mar. 6, 1996), Summit App. No. 17267, unreported. In Hartong, the appellate court was similarly asked to determine whether interest on a promissory note should be calculated from the date of the instrument or from the date of demand. The language of the note in Hartong practically mirrors the language in the note before this court. It provided in relevant part:
 "On demand after date for value received * * * the undersigned promises to pay Dale Hartong or order, the sum of Three thousand six hundred no/100 Dollars, with interest at the rate of 12 percent per annum, payable at the following address: * * *." Id. at 1.
In its analysis, the court concluded that while the obligation to pay did not arise until a demand was made on the note, interest was "due" or ran from the date the note was executed.Id. at 2. The language "on demand after date" merely establishes that the principal and interest accrued was payable whenever a demand was made subsequent to the execution and delivery of the note. Id.
While the decision in Hartong is in no way binding upon this court, we nevertheless find the reasoning of the decision to be persuasive in light of our analysis of R.C. 1303.17 as well as the plain and ordinary meaning of the language of the promissory note. Although not payable until a demand was made, interest began to run on the note from the date of its inception on July 11, 1985. Therefore, the trial court's decision holding that interest did not begin to run until demand was made on February 28, 1991 was in error.
For the foregoing reasons, the decision of the trial court is reversed and this matter is remanded for further proceedings to determine the amount owed on the note based upon the holding of the court herein.
Cox, P.J., dissents; see dissenting opinion.
Donofrio, J., concurs.
APPROVED:
 ___________________________ JOSEPH J. VUKOVICH, JUDGE