This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Elizabeth Bryson, as guardian of R.M., appeals from the judgment in the Summit County Court of Common Pleas that awarded Appellant one-third of all proceeds of decedent's life insurance policy. Appellee/Cross-Appellant, Mary Beth Green Maxwell, filed a cross-appeal. We reverse and remand.
 {¶ 2} On January 10, 2001, Appellant filed a complaint against Appellee seeking monies due. In response, Appellee filed an answer and counterclaim. The parties engaged in discovery and then requested the matter be resolved upon the written record, which included briefs, depositions, and affidavits. On April 11, 2002, the trial court issued its findings of facts and conclusions of law and issued its judgment entry.
 {¶ 3} On April 23, 2002, Appellant filed a motion for reconsideration which was subsequently denied. Appellant timely appealed raising three assignments of error for review. Appellee cross-appealed and raised one cross-assignment of error. To facilitate review, assignments of error one, two and three will be addressed together.
 ASSIGNMENT OF ERROR I {¶ 4} "The lower court erred in failing to rule that an irrevocable beneficiary to a life insurance policy who is designated as such in a divorce decree has a superior equitable right to the life insurance policy's proceeds over one who was named beneficiary by the deceased in violation of the divorce decree."
 ASSIGNMENT OF ERROR II {¶ 5} "The lower court erred in finding the decree `did not prohibit [decedent] from naming other beneficiaries.'"
 ASSIGNMENT OF ERROR III {¶ 6} "The lower court erred in failing to impose a constructive trust over all of the insurance proceeds in favor of [R.M.]."
 {¶ 7} In her assignments of error, Appellant maintains that the trial court erred when it failed to impose a constructive trust, over all of the life insurance proceeds, in favor of the irrevocable beneficiary as designated by the divorce decree. We agree.
 {¶ 8} Generally, upon an insured's death, "the named beneficiary is entitled to the proceeds of the policy." Beck v. Dobrinski (Apr. 26, 2000), 9th Dist. No. 99CA007309, at 4, citing Ferguson v. Owens (1984),9 Ohio St.3d 223, 225. However, this Court has recognized that under limited circumstances "an individual with a superior equitable right, by virtue of a divorce decree or separation agreement, may divest the named beneficiary of that right." Beck, supra, at 4, citing Ferguson,9 Ohio St.3d at 225-26. If, by clear and convincing evidence, a challenger establishes a superseding equitable right to the proceeds, courts are required to impose a constructive trust to "ensure that the insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree." Beck, supra, at 4, quoting Kelly v. Medical Life Ins.Co. (1987), 31 Ohio St.3d 130, paragraph two of the syllabus. Clear and convincing does not mean clear and unequivocal. State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477. It is an intermediate evidence standard, "more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." Eppinger,91 Ohio St.3d at 164, quoting Cross, 161 Ohio St. at 477.
 {¶ 9} In this case, Appellant's asserted right to the insurance proceeds arises out of a separation agreement and a divorce decree. The divorce decree incorporated the separation agreement of Appellant and decedent. The decree, which was filed on January 4, 1990, provided that R.M. would be named by decedent "as irrevocable beneficiary of all life insurance presently in effect and which he will obtain through his employment and shall maintain such insurance until [R.M.] attains the age of [twenty-five.]" On the date of decedent's death, R.M. had not attained the age of twenty-five, however, the life insurance policy on decedent's life named decedent's two daughters, E.M. and C.M., as the beneficiaries. R.M. was not named as a beneficiary. This appears to be in direct contravention of the express terms in the separation agreement and divorce decree.
 {¶ 10} Prior to incorporation, separation agreements are contracts between parties and therefore the interpretation of the incorporated document is based on principles of contract law. Beck, supra, at 5. SeeKelly, 31 Ohio St.3d at 132. Contract interpretation seeks to effectuate the intent of the parties. Beck, supra, at 5, citing Skivolocki v. EastOhio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. The parties' intent is derived from the language and terms employed in the contract. Beck, supra, at 5, citing Skivolocki, 38 Ohio St.2d 244 at paragraph one of the syllabus. The court may resort to extrinsic evidence only if the language is unclear or ambiguous or the surrounding circumstances import a special meaning to the language. Kelly,31 Ohio St.3d at 132.
 {¶ 11} After a thorough a review of the record, we find that the pertinent provision of the divorce decree expresses the intent of the parties in clear and unambiguous terms. The decree provides that "Husband shall name [R.M.] as irrevocable beneficiary of all life insurance presently in effect and which he will obtain through his employment and shall maintain such insurance until [R.M.] attains the age of 25. In the event he has no life insurance at the present time, he promises to make [R.M.] irrevocable beneficiary of any life insurance which he shall hereinafter obtain, whether through employment or otherwise."
 {¶ 12} In Stewart v. Stewart (Mar. 4, 1999), 8th Dist. No. 73982, the court addressed a similar provision included in a divorce decree. The provision stated that "[t]he Husband hereby agrees to designate and name the minor child as beneficiary of his group or Life Insurance Policy in conjunction with his employment[.]" The court adopted the magistrate's finding that the language employed by the parties was neither vague nor ambiguous. The magistrate stated that "[t]he language is notable for what is and is not included. * * * The word `beneficiary' is singular, and the sentence is which it is used contains no language that would expand the singular to plural. The parties did not use the words `* * * a beneficiary' * * * or * * * `one of the beneficiaries * * *' so as to show that [d]efendant had reserved the right to name more than one beneficiary." Id. The court held that the "unequivocal meaning" of the language and the terms employed in the divorce decree required the defendant to name his son as the only beneficiary of his life insurance policy. Id. The court also found that the absence of the word "sole" did not leave the decedent free to add a second beneficiary. Id. See, also,Metro. Life Ins. Co. v. Cronenwett (S.D.Ohio 2001), 162 F. Supp.2d 889,897.
 {¶ 13} Furthermore, "[u]nder Ohio law, as elsewhere, the designation of an individual as `the irrevocable beneficiary' means the `sole beneficiary.'" Cronenwett, 162 F. Supp.2d at 897. The Cronenwett
court, following the same line of reasoning utilized by the Stewart
court, explained that this rationale "is entirely consistent with Ohio law and rulings from numerous jurisdictions, which have recognized that an `irrevocable beneficiary' has a vested right to insurance proceeds and that the insured has no right to name another beneficiary." Id. at 898. The court concluded that a court-ordered obligation to name one individual as the "irrevocable beneficiary" divests the insured of the ability to designate an additional beneficiary of the subject insurance policy. Id.
 {¶ 14} The insurance provision in the case at hand employs terms identical to those discussed in Stewart and Cronenwett. The decedent was also required to name an individual, R.M., as "irrevocable beneficiary" of all life insurance obtained through employment and that "which he shall hereinafter obtain, whether through employment or otherwise." As inStewart and Cronenwett, the decree uses only the term "irrevocable beneficiary," and did not modify it with the use of "a beneficiary" or "one of the beneficiaries." Consequently, we find that the clear and unequivocal meaning of the language utilized in the divorce decree required the decedent to name his son, R.M., as the singular, and therefore only, beneficiary of the life insurance policy through his employer. See Stewart, supra; Cronenwett, 162 F. Supp.2d at 898.
 {¶ 15} As Appellant has presented clear and convincing evidence that R.M. is the sole "irrevocable beneficiary," we thus conclude that the trial court erred by not imposing a constructive trust over the entire amount of the insurance proceeds in favor of R.M., the individual having superior equitable rights in such proceeds. Accordingly, Appellant's first, second and third assignments of error are sustained.
 CROSS-ASSIGNMENT OF ERROR {¶ 16} "The [t]rial [c]ourt's judgment fails to take into account the ages of [decedent's] children when dividing the proceeds of [decedent's] life insurance benefits, to the prejudice of [decedent's] younger children, [E.M. and C.M.]"
 {¶ 17} In light of our disposition of Appellant's first, second and third assignments of error, we need not address Appellee's cross-assignment of error as it is now rendered moot. See App.R. 12(A)(1)(c).
 {¶ 18} Appellant's first, second and third assignments of error are sustained. Appellee's cross-assignment of error is not addressed. The order of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.