This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} The State appeals from the judgment of the Lorain County Court of Common Pleas which denied the forfeiture and disposition of Defendant's, Joanne Lezatte, vehicle under R.C. 2933.41(C). We affirm.
{¶ 2} On November 13, 2001, the Lorain County Grand Jury charged Defendant with one count of possession of cocaine, in violation of R.C.2925.11(A); one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1); one count of possession of criminal tools, in violation of R.C. 2923.24(A); and two counts of driving under the influence, in violation of R.C. 4511.19(A)(1) and (3). As a result of a plea bargain agreement, Defendant pled guilty in open court on February 20, 2002.
{¶ 3} Subsequently, the State filed a motion to forfeit and dispose of criminal tools pursuant to R.C. 2933.41(C). After a hearing, the trial court denied the motion on August 8, 2002. Thereafter, during Defendant's sentencing hearing, the State renewed its motion. Again, the motion was denied. The State timely appealed, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
{¶ 4} "The trial court erred in its August 8, 2002 findings entry and August 28, 2002 sentencing entry wheni t (sic.) denied forfeiture and dispositionof (sic.) a 1960 corvette named and indicted as a criminal tool which was subject to forfeiture under R.C. 2933.41(c) (sic.)."
{¶ 5} In its sole assignment of error, the State alleges that the trial court improperly denied the forfeiture of a criminal tool under R.C. 2933.41(C). Specifically, the State asserts that the court erroneously determined that R.C. 2933.43, a more specific section, was applicable and the State was to bring civil forfeiture proceedings under such provision. Assuming without deciding that the State may have been able to bring forfeiture proceedings under R.C. 2933.41(C), we find that the State's motion for disposal and forfeiture of Defendant's vehicle should nonetheless have been denied.
{¶ 6} The record indicates that a plea bargain was reached between Defendant, his attorney, and the State, and was accepted by the trial judge in open court on February 20, 2002. As plea bargains are contractual in nature, they are therefore binding and subject to contract law standards. Baker v. United States (C.A.6, 1986), 781 F.2d 85, 90. See, also, State v. Butts (1996), 112 Ohio App.3d 683, 685-86, citingUnited States v. Krasn (C.A.9, 1980), 614 F.2d 1229, 1233 and UnitedStates v. Arnett (C.A.9, 1979), 628 F.2d 1162, 1164. See State v. Taylor
(May 19, 1993), 9th Dist. No. 92CA005469, at 6; State v. Johnson (Aug. 10, 1983), 9th Dist. No. 3411, at 3-4; Spercel v. Sterling Industries
(1972), 31 Ohio St.2d 36, paragraph one of the syllabus (finding that a settlement agreement constitutes a binding contract between the two parties). Accordingly, we review the plea agreement in the instant case under applicable contract law standards.
{¶ 7} The terms of the agreement reveal that Defendant voluntarily pled guilty to "the indictment[,]" and was then sentenced on August 28, 2002. Additionally, the agreement unambiguously excludes property from forfeiture and indicates that the "car is hereby ordered released to the defendant[,]" and no "other promises or representations [have] been made." Moreover, when Defendant entered her plea before the court, the prosecutor remarked "[The State] ha[s] no objection if the [c]ourt makes an order today that th[e] 1960 Corvette be released to *** Defendant since *** Defendant is entering a plea today[.]" However, the State maintains that "discussion of forfeiture was not part of the pre-trial negotiations." Conversely, the State asserts that the vehicle was released to save Defendant the cost of storage fees. There is no indication in the written plea agreement that this alleged motive restricted the actual release of the vehicle.
{¶ 8} The intent of the parties to a contract resides in the ordinary meaning of the language and terms employed in the agreement.Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. See, also, United States v. Race (July 9, 1999), 6th Cir. No. 97-3555. The court may resort to extrinsic evidence when the language is unclear or ambiguous or the surrounding circumstances import a special meaning to the language. Kelly, 31 Ohio St.3d at 132.
{¶ 9} In the instant case, the ordinary meaning of the language employed in the plea agreement binds the State to release Defendant's vehicle. The court may not review extrinsic evidence because the terms used are clear and unambiguous. See id. The plain terms of the agreement state that the "car is hereby ordered released to the defendant." There is no indication in the written plea agreement that any conditions were placed on the release of the vehicle, as the State alleges. Accordingly, we find the terms of the plea agreement consist of the entering of a guilty plea by Defendant in exchange for the State's relinquishment of the vehicle.
{¶ 10} Once a defendant offers to enter a guilty plea to the charges contained in an indictment, and the state accepts, the state is bound under contract principles to do as it promised. See State v. Kidd, 12th Dist. No. CA2001-11-021, 2002-Ohio-6394, at ¶ 31. As Defendant has fully discharged her obligations under the agreement and entered a guilty plea which was accepted by the State, the State is bound to fulfill its responsibility under the agreement as well and thereby release the vehicle to Defendant. See Johnson, supra, at 4 ("It would be highly unconscionable for the State of Ohio not to be bound by the agreement made between the city prosecutor and defendant where the defendant has fully performed his part of the contract"). Consequently, we conclude that the vehicle is not subject to forfeiture, under either R.C. 2933.41 or R.C. 2933.43, as the terms of the plea bargain order the vehicle to be released to Defendant's possession. Accordingly, the State's sole assignment of error is without merit.
{¶ 11} The assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR