[Cite as *Shrock v. Spognardi*, 2015-Ohio-4555.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

GARY SHROCK AND MARY SHROCK

Plaintiffs-Appellants/Cross-Appellees

-vs-

NICHOLAS SPOGNARDI, ET AL.

Defendants-Appellees/Cross-Appellants

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 15CA33

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Mansfield Municipal Court, Richland County, Case No. 2014CVG02468 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | November 2, 2015 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiffs-Appellants/Cross-Appellees | For Defendants-Appellees/Cross-Appellants |
| ERIC S. MILLER | BYRON D. CORLEY |
| 13 Park Avenue West, Suite 608 | 22 N. Walnut Street |
| Mansfield, Ohio 44902 | Mansfield, Ohio 44902 |

*Hoffman, J.*

{¶1} Plaintiffs-appellants/cross-appellees Gary Shrock and Mary Shrock appeal the April 9, 2015 Judgment Entry entered by the Mansfield Municipal Court which vacated the magistrate's December 2, 2014 decision, and dismissed the case. Defendants-appellees/cross-appellants are Nicholas Spognardi, et al. Appellees cross-appeal the same entry in which the trial court ordered the escrowed funds be returned to Appellants.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellants purchased a single family home at 52 Wellington Avenue, Mansfield, Ohio, in March, 2009. Appellants invested time and money rehabilitating the property. Appellants subsequently attempted to sell the property. Appellees proposed to buy the property through a land contract, but Appellants rejected the proposal.

{¶3} On March 19, 2012, the parties entered into a Residential Lease Agreement ("the Lease"). The term of the Lease was from May 1, 2012, until May 1, 2013. The rental payment was $600/month. The lease expressly provided the landlord, i.e., Appellants, was responsible for real estate taxes and insurance on the property. Appellees did not pay a security deposit or an additional month's rent. The Lease included a provision if Appellees failed to pay the rent on time or violated any other terms of the Lease, Appellants had the right to terminate the Lease. The Lease also expressly provided, "this lease is the entire agreement between [the parties]".

{¶4} On the same day, the parties entered into a Purchase Real Estate Agreement ("Purchase Agreement"). The Purchase Agreement provided:

The Seller [Appellants] now owns the following described real estate, located at 52 Wellington Ave, City of Mansfield, State of Ohio:

For valuable consideration, the Seller agrees to sell and the Buyer [Appellees] agrees to buy this property for the following price and on the following terms:

1. The Seller will sell this property to the Buyer, free from all claims, liabilities, and indebtedness, unless noted in this agreement.

* * *

3. The Buyer agrees to pay the Seller the sum of $ __75,900__, which the Seller agrees to accept as full payment.

4. The purchase price will be paid as follows:

Total Purchase Price…………………………………….$75,900
Down Payment(Escrow)...…………………………………..$ 2,000
Total Buyout at purchase time……………………………$73,900

5. The Seller acknowledges receiving the earnest money deposit of $ 2,000 from the Buyer.  If Buyer fails to perform this agreement, the Seller shall retain the money.  If Seller fails to perform this agreement, this money shall be returned to the Buyer or Buyer may have the right of specific performance.

6. This agreement will tentatively close on _March 1_, 2013, at _5_ o'clock pm.[1] At that time, and upon payment by the Buyer of the portion of

---

[1] The tentative closing date of March 1, 2013, was subsequently changed by the parties to September 30, 2014.

the purchase price then due, the Seller will deliver to Buyer the following documents: * * *

10. Between the date of this agreement and the date for closing, the property shall be maintained in the condition as existed on the date of this agreement. * * *

11. The parties also agree to the following additional terms:

The [B]uyer will be responsible to pay for and keep current the Taxes and Insurances for the said property.

{¶5} Appellees paid Appellants $2,000 as a down payment pursuant to the terms of the Purchase Agreement. Appellees also paid Appellants $600/month for approximately 24 months. On November 10, 2014, after Appellees failed to tender the $600 monthly payments in May, June, July, August, September, October, and November, 2014, Appellants served Appellees with a notice to leave the premises.

{¶6} On November 17, 2014, Appellants filed a Complaint for forcible entry and detainer. Appellees filed a motion to dismiss for lack of subject matter jurisdiction. Appellees asserted the action should be one in foreclosure. The magistrate conducted a hearing on December 2, 2014. Via Decision filed December 2, 2014, the magistrate found the court had jurisdiction over the action. The magistrate further found Appellants were the record titleholders of the premises, and Appellees were residential tenants and were in default in rent. The magistrate ordered possession of the premises returned to Appellants.

{¶7} Appellants filed for a writ of restitution on December 3, 2014. Appellees filed objections to the magistrate's decision on December 5, 2014. The trial court stayed

the matter pending a ruling on the objections. Appellants sought an increase in the amount of the supersedeas bond, which had previously been set at $600.00/month. The trial court ordered the amount of the supersedeas bond be modified to reflect the fair market value of the property, and, accordingly, ordered Appellees to pay an additional $100.00/month. A transcript of the hearing before the magistrate was filed on February 9, 2015. Appellees filed supplemental objections on March 2, 2015. Appellants filed a memorandum in support of the magistrate's decision.

{¶8} Via judgment entry filed April 9, 2015, the trial court vacated the magistrate's decision and dismissed the case.

{¶9} It is from this judgment entry Appellants appeal, raising the following assignments of error:

{¶10} "I. THE COURT BELOW ERRED IN HOLDING THAT THE PARTIES HAD A LAND CONTRACT RATHER THAN A RESIDENTIAL LEASE AND AN OPTION TO PURCHASE REAL ESTATE.

{¶11} "II. THE COURT BELOW ERRED IN VACATING RATHER THAN AFFIRMING THE MAGISTRATE'S DECISION."

{¶12} Appellees cross-appeal, assigning as error:

{¶13} "I. THE TRIAL COURT ERRED IN RETURNING THE ESCROWED FUNDS TO THE CROSS-APPELLEES WHEN THE DECISION OF THE MAGISTRATE WAS VACATED AND DISMISSED."

APPEAL

I, II

{¶14} Appellants addressed their two assignments of error together; therefore, we shall do the same.  In their first assignment of error, Appellants maintain the trial court erred in finding the parties had entered into a land contract rather than a residential lease and an option to purchase real estate. In their second assignment of error, Appellants contend the trial court erred in vacating the magistrate's decision.  We agree.

{¶15} A land installment contract conveys a present ownership interest in realty. *Am. Servicing Corp.,* citing *Riverside Builders, Inc. v. Bowers,* 10th Dist. Franklin No. 89AP–834, 1990 WL 75433 (June 7, 1990). A lease, on the other hand, creates a possessory interest, or right of possession in real estate. *Eller Media Co. v. DGE, Ltd.,* 8th Dist. Cuyahoga Nos. 83273 and 83286, 2004–Ohio–4748, ¶ 35. A lease is a conveyance of an estate in real property for a limited term, with conditions attached, in consideration of rent.  *Fadelsak v. Hagley,* 4th Dist. Lawrence No. 02CA41, 2003-Ohio-3413, ¶ 9.

{¶16} R.C. Chapter 5313 governs land installment contracts.  R.C. 5313.01(A) defines the term "land installment contract" as follows:

> [A]n executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while

the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts.

**{¶17}** R.C. 5313.02(A) sets forth 16 minimum requirements for land installment contracts:

(1) The full names and then current mailing addresses of all the parties to the contract;

(2) The date when the contract was signed by each party;

(3) A legal description of the property conveyed;

(4) The contract price of the property conveyed;

(5) Any charges or fees for services that are includable in the contract separate from the contract price;

(6) The amount of the vendee's down payment;

(7) The principal balance owed which is the sum of divisions (A)(4) and (5) less division (A)(6) of this section;

(8) The amount and due date of each installment payment;

(9) The interest rate on the unpaid balance and the method of computing the rate;

(10) A statement of any encumbrances against the property conveyed;

(11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;

(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;

(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on that the [*sic*] mortgage and receive credit on the land installment contract;

(14) A provision that the vendor shall cause a copy of the contract to be recorded;

(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;

(16) A statement of any pending order of any public agency against the property.

**{¶18}** Under a land installment contract, the purchaser acquires equitable title to the property to the extent of the payments made. *Riverside Builders, Inc. v. Bowers,* 10th Dist. No. 89AP–834 (June 7, 1990); *Jefferson Local School Dist. Recreation Council v. Roby,* 10 Dist. No. 85AP–1050 (Sept. 18, 1986), citing *Coggshal v. Marine Bank Co.,* 63 Ohio St. 88 (1900), paragraph one of the syllabus. Conversely, an option contract for the purchase of real property is defined as "an agreement wherein the legal titleholder of the property grants another person the privilege, without the obligation, to purchase the real property at a set price within a set time." *Judson v. Lyendecker,* 10th Dist. Franklin No. 12AP–615, 2013–Ohio–1060, ¶ 10. An option contract "consists of two independent elements: (1) an offer to buy, sell, or perform some act, which

becomes a contract if properly accepted; and (2) the binding agreement to leave the offer open for a specified period of time." *Cent. Funding, Inc. v. CompuServe Interactive Servs., Inc.,* 10th Dist. Franklin No. 02AP–972, 2003–Ohio–5037, ¶ 38.

{¶19} To determine whether an agreement is a land installment contract or a lease with an option to purchase, a court must analyze the intent of the parties at the time they executed the agreement. *Fadelsak v. Hagley,* 4th Dist. No. 02CA41, 2003–Ohio–3413, ¶ 10;*Hubbard v. Dillingham,* 12th Dist. No. CA2002–02–045, 2003–Ohio–1443, ¶ 11.Courts presume the intent of the parties to a contract resides in the language they chose to employ in the contract. *Kelly v. Med. Life Ins. Co.,* 31 Ohio St.3d 130 (1987), paragraph one of the syllabus. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. *Sunoco, Inc. v. Toledo Edison Co.,* 129 Ohio St.3d 397, 2011–Ohio–2720, ¶ 37. However, where a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties' intent. *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003–Ohio–5849, ¶ 12.

{¶20} In the instant action, the parties entered into two separate agreements, to wit:  the Lease and the Purchase Agreement.  The Lease provided Appellants would rent the property to Appellees, and the rental payment would be $600, due on the first of each month. The Lease did not provide the amounts Appellees paid Appellants as rent would be held as a deposit and credited against the purchase price of the property. The Purchase Agreement granted Appellees the privilege, *without the obligation,* to purchase the real property at a set price within a set time.  Appellees were not obligated to purchase the property at the expiration of the term.  Appellees were not required to make monthly installment payments. The Purchase Agreement did not mandate

conveyance of title to the property to Appellees. Rather, transfer of the title would only occur "if" Appellees purchased the property as stated in the agreement.

{¶21} We find neither document, individually or collectively, satisfies the requirements of a land installment contract as set forth in R.C. 5313.02. The documents do not include the majority of the statutory requirements, including, but not limited to, a legal description of the property to be conveyed; the amount and due date of each installment payment; and the interest rate on the unpaid balance and the method of computing the rate. Furthermore, there is no evidence the parties recorded the documents.

{¶22} For the foregoing reasons, we conclude the Lease and the Purchase Agreement did not constitute a land installment contract. Accordingly, we find the trial court erred in concluding the parties entered into a land installment contract, and vacating the magistrate's decision.

{¶23} Appellants' first and second assignments of error are sustained.

CROSS-APPEAL

I

{¶24} In their sole assignment of error on cross-appeal, Appellees argue the trial court erred in returning the escrowed funds to Appellants when the decision of the magistrate had been vacated and dismissed.

{¶25} In support of their position, Appellees cite R.C. 1923.061(B), which provides, "In an action for possession of residential premises based upon non-payment of the rent in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount he may recover under the rental agreement. In the event,

the court from time to time may order the tenant to pay into the court all or part of the rent becoming due during the pendency of the action. After trial and judgment, the party to whom a net judgment is owed shall be paid first from the money paid into court."

{¶26} Appellees explain they paid into the court, as escrow, the sum of $3500, as, and for, future monthly payments. Appellees assert because the trial court concluded it lacked subject matter jurisdiction, they are owed the net judgment of $3500. We disagree.

{¶27} Appellees sought and obtained a stay of execution on the writ of restitution. The trial court ordered Appellees to pay $700/month to satisfy the terms of the supersedeas bond. The amount represented the fair rental value of the property. Because we found, supra, the trial court erred in vacating the magistrate's decision, we find Appellants are entitled to the monies Appellees paid into the court

{¶28} Appellees' sole assignment of error on cross-appeal is overruled.

{¶29} The judgment of the Mansfield Municipal Court is vacated and the matter remanded for further proceedings in accordance with our opinion and the law.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur