NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0372n.06

No. 19-3724

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| COLONIAL LIFE AND ACCIDENT INSURANCE CO., | ) ) | **FILED** |
| **Plaintiff - Appellee**, | ) ) | Jun 23, 2020 |
| v. | ) ) | DEBORAH S. HUNT, Clerk |
| ESTATE OF DARRELL STEWART, | ) ) | |
| **Defendant**, | ) ) | |
| SHEILA STEWART; GARRETT STEWART; TAYLOR STEWART; SUMMER RIEDENBACH, | ) ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| **Defendants - Appellants**, | ) ) | |
| ANGEL HUNTER, | ) ) | |
| **Defendant - Appellee**. | ) ) | |

**BEFORE: NORRIS, DONALD, and NALBANDIAN, Circuit Judges.**

**PER CURIAM.** Colonial Life and Accident Insurance Company filed a complaint against the estate of Darrell Stewart and several possible beneficiaries to an insurance policy Colonial issued in Mr. Stewart's name. Colonial sought to deposit the $100,000 insurance proceeds with the district court, because Colonial claimed that it could not pay out the proceeds without subjecting itself to potential liability from competing beneficiary claimants. The district court granted Colonial's request, and subsequently determined that Ohio law precluded the listed primary beneficiary, Mr. Stewart's ex-wife Sheila Stewart, from taking under the policy. Therefore, the court determined that the proceeds should be paid to the contingent beneficiaries,

listed as all of Mr. Stewart's children. The meaning of that, too, was in dispute. The court found

that Mr. Stewart had four biological children and held that each of them should share equally in

the policy proceeds. Sheila Stewart and three of Darrell's children appeal. We affirm.

# I.

In December 2004, Sheila Stewart purchased a $100,000 individual term life insurance

policy from Colonial Life and Accident Insurance Company through her employer. It was not a

group policy—her employer's involvement was limited to promoting the program, collecting

premiums through payroll deduction, and then remitting those premiums to Colonial. Sheila's

then-husband Darrell was listed on the application as the named insured and applicant, while Sheila

was listed as the primary beneficiary.[1] The box for contingent beneficiaries contained no names,

but next to that box the contingent beneficiaries' "Relationship to Applicant," was listed as "All

Children."

In September 2006, Sheila and Darrell divorced. With respect to life insurance, the divorce

decree provided:

> Wife shall maintain all life insurance coverage on her life provided through her employment and shall designate each of the children as beneficiary thereof to the extent of one-half of said coverage until a child reaches the age of 23. Similarly, Husband shall maintain all life insurance coverage on his life provided, or to be provided, through his employment and shall designate each of the children as beneficiary thereof to the extent of one-half of said coverage until a child reaches the age of 23 years.

Together Sheila and Darrell had two children, Taylor and Garrett.

In January 2017, Darrell executed his final will, which stated:

> I have the following children now living: Summer Reidenbach, Taylor Stewart and Garrett Stewart. For the purposes of this Will, any reference to my

---

[1] Because the deceased and three of the parties share the last name of Stewart, for clarity and simplicity we use first names (as the district court did). No disrespect is intended.

children includes only Summer Reidenbach, Taylor Stewart and Garrett Stewart . . . . The exclusion of any child . . . is intentional, and any child so excluded is to receive no benefit under this Will.

Darrell died at the end of March 2017, and shortly thereafter Sheila submitted to Colonial a claim for benefits under the life insurance policy. Colonial informed Sheila that her divorce from Darrell prevented her from receiving the policy proceeds. Colonial relied on an Ohio statute which provides that when one spouse designates the other as beneficiary under a life insurance policy, and later that marriage terminates, for life insurance purposes the spouse designated as beneficiary "shall be deemed to have predeceased the spouse who made the designation" unless the "designation of beneficiary or the judgment or decree granting the divorce . . . specifically provides otherwise." Ohio Rev. Code Ann. § 5815.33(B)(1).

In July 2017, Taylor, Garrett, and Summer each filed claims with Colonial, as did Angel Hunter, who claimed she was Darrell's daughter. Taylor, Garrett, and Summer each submitted birth certificates to Colonial as proof of their claim, while Angel did not submit any proof to Colonial that she was Darrell's daughter.

Colonial filed a statutory interpleader action under 28 U.S.C. § 1335 against Darrell's estate, Sheila, Taylor, Garrett, Summer, and Angel, stating that, "After diligent investigation, Colonial Life cannot determine the proper beneficiary or beneficiaries of the Policy proceeds without being subject to multiple liabilities." Colonial sought to deposit the proceeds with the court and let the court determine the proper beneficiaries.

Sheila, Taylor, Garrett, and Summer filed a joint answer, asserting that Angel was not entitled to any proceeds, and instead Sheila is entitled to the proceeds or, in the alternative, Taylor, Garrett, and/or Summer are entitled to the proceeds. The answer also included counterclaims (1) seeking declaratory relief that Sheila is entitled to all proceeds or, in the alternative, that only

Taylor, Garrett, and Summer are entitled, (2) asking the court to "craft a constructive trust," (3) alleging that Colonial breached the insurance contract by not paying the proceeds to Sheila, and (4) alleging that Colonial was unjustly enriched by accepting premiums from Sheila but not paying her the policy proceeds. Angel also answered, asserting that she is Darrell's biological child and that she, Taylor, Garrett, and Summer each are entitled to twenty-five percent of the policy proceeds.

The district court granted Colonial's motion, directing Colonial to deposit the policy proceeds with the court and dismissing all counterclaims against Colonial. Turning to the question of what to do with the proceeds, the court held that Sheila cannot be a beneficiary under the policy by operation of Ohio Revised Code § 5815.33(B)(1) and Sheila is not entitled to a constructive trust. The district court held that, as a result, the contingent beneficiaries are entitled to the policy proceeds.

That still left the question of who qualifies under the policy's contingent beneficiary designation of "all children." Angel Hunter offered substantial proof that Darrell was her father, though Darrell was not listed on her birth certificate. Sheila, Taylor, Garrett, and Summer did not offer any evidence suggesting that Angel was not Darrell's child, and instead urged the court to rule promptly so they could appeal without delay.

The district court granted Angel's motion for summary judgment, holding that each of Darrell's four biological children should share equally in his life insurance proceeds. This appeal followed.

**II.**

We review de novo the district court's grant of summary judgment, construing the facts in the light most favorable to the nonmoving party. *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 231 (6th Cir. 2019); Fed. R. Civ. P. 56(c).

The district court's June 10, 2019, order held that Ohio Revised Code § 5815.33(B)(1) operated to remove Sheila Stewart's as a beneficiary, and that she was not the owner of the policy or entitled to a constructive trust just because she paid the policy premiums. That order also dismissed all claims against Colonial and held that the policy application unambiguously listed "all children" as contingent beneficiaries. In a separate order dated July 23, 2019, the court held that unopposed evidence was sufficient to support Angel Hunter's claim that she was Darrell Stewart's biological child, and therefore she should share equally in the insurance proceeds with Taylor Stewart, Garrett Stewart, and Summer Riedenbach.

Having reviewed the record, the relevant authorities, and the arguments of the parties, we detect no error by the district court and affirm on its reasoning. A detailed written opinion by this court as to those matters would be duplicative and serve no useful purpose.

Appellants raise for the first time on appeal that the divorce decree served to change the beneficiaries of the policy to Garrett Stewart and Taylor Stewart, and so the proceeds should be shared equally between those two only. Appellants go on to argue that even if the divorce decree was not *legally* sufficient to change the beneficiary, then imposing a constructive trust upon the policy proceeds for the benefit of Garrett and Taylor is appropriate. As an initial matter, "[t]his court does not consider issues raised for the first time on appeal." *Miles v. S. Cent. Human Res. Agency, Inc.*, 946 F.3d 883, 888 (6th Cir. 2020). These arguments are forfeited, but on the merits these arguments would fail.

A sufficiently specific divorce decree *can* remove an ex-spouse as beneficiary under a life insurance policy. *See Grzely v. Singer*, 971 N.E.2d 481, 485 (Ohio Ct. App. 2012). In *Grzely*, the separation agreement provided, "[E]ach party completely and forever releases the other from any and all rights each has, or may have . . . [a]s beneficiary in any life, or other type of insurance policy issued to the other . . . ." *Id.* The court held that when "the terms of a Separation Agreement 'plainly indicate' the elimination of the named beneficiary from any right to life insurance proceeds, such intent is to be given effect despite a failure to designate a new beneficiary." *Id.*

Further, a sufficiently specific divorce decree *may* be relevant to determining the proper beneficiary under a life insurance policy. *See, e.g.*, *Davis v. Drake*, No. 3:14 CV 113, 2014 WL 7274835, at *13 (N.D. Ohio Dec. 18, 2014). In *Davis*, Peter Davis enjoyed certain pension and life insurance plans through his employer. *Id.* at *1. He eventually married and named his wife Mary Drake as beneficiary under the plans. *Id.* The two later divorced, and the final judgment provided that Davis "is awarded all right, title and/or interest which he might have [in his] pension . . . without claim by [Drake]." *Id.* at *10. The next paragraph provided that Davis and Drake "are awarded any life insurance benefits in their respective names without claim by the other thereto." *Id.* Davis never formally changed the beneficiary designation for the pension plan or life insurance policy, but the court cited that unambiguous divorce judgment and held that Drake could not receive the benefits *under the plans that were specifically referenced in the divorce judgment*. *Id.* at *13, *15. The court granted summary judgment in favor of the Davis estate under theories of unjust enrichment and constructive trust. *Id.* at *15.

Here, however, the language of the divorce decree between Sheila Stewart and Darrell Stewart is not nearly specific enough to overcome the clear text of the policy. The divorce decree required Darrell to obtain life insurance *through his employer* and *for that insurance* the

beneficiaries should be Taylor and Garrett, until they reach age twenty-three. The policy at issue here both (1) pre-dates the divorce and (2) is not insurance through Darrell's employer. Sheila must have been aware of the existing policy at the time of the divorce—the premiums were deducted from her paycheck—yet she and Darrell did not seek to revise the beneficiaries. And though perhaps Darrell's failure to procure an insurance policy through his employer for the benefit of Taylor and Garrett might have been in contempt of the divorce decree, the divorce decree language is not enough to re-write the existing policy.

Nor would a constructive trust in favor of Taylor and Garrett be appropriate. A constructive trust requires clear and convincing evidence that such a remedy is warranted. *Estate of Cowling v. Estate of Cowling*, 847 N.E.2d 405, 411 (Ohio 2006). A constructive trust is an equitable remedy, imposed when an individual has obtained the legal right to property "which he ought not, in equity and good conscience, hold and enjoy." *Id.* It is a remedy against unjust enrichment and may be imposed when the property is acquired by fraud or by mistake. *Ferguson v. Owens*, 459 N.E.2d 1293, 1295 (Ohio 1984). But the "absence of wrongdoing is not fatal." *Dice v. White Family Cos.*, 878 N.E.2d 1105, 1115 (Ohio Ct. App. 2007).

Though it is an extraordinary remedy, courts do occasionally resort to a constructive trust for life insurance proceeds where the evidence is clear and convincing that a trust is necessary to avoid injustice. *See, e.g.*, *Kelly v. Medical Life Ins. Co.*, 509 N.E.2d 411, 413-14 (Ohio 1987) (holding that a constructive trust for life insurance proceeds is appropriate when "clear and intelligible language" in a divorce decree designates beneficiaries under a *specific* policy); *Ferguson*, 459 N.E.2d at 1296-97 (remanding to a trial court the question of whether an insurance policy *acquired after divorce* complied with binding provisions of the divorce decree); *Davis*, 2014

WL 7274835, at *15 (holding that a constructive trust was appropriate where "plain language" detailed "the benefits . . . bargained for as part of the settlement in [a] divorce case").

In each case the party seeking the constructive trust offered clear and convincing evidence related to the parties' intention with respect to a *particular* insurance policy or benefit plan. Those cases present far more compelling evidence of the parties' intention for benefits under a *specific* instrument to flow to a *specific* beneficiary, or that a party took later actions that failed to comport with ongoing obligations under a divorce judgment or decree.

As noted above, Sheila and Darrell Stewart were presumably aware of the policy at issue when they divorced, yet the divorce decree categorically *did not* mention it. The district court correctly applied Ohio law and interpreted the unambiguous insurance policy in holding that the proceeds should be split four ways among Darrell Stewart's four biological children. Appellants have not offered clear and convincing evidence that a constructive trust is warranted in this case to prevent injustice.

### III.

The judgment of the district court is **affirmed**.