DECISION AND JUDGMENT ENTRY
{¶ 1} Grange Mutual Casualty Company appeals a grant of summary judgment in favor of Aaron J. Phillips and Jessica Perkins from the Scioto County Common Pleas Court. The trial court found that Grange's auto policy provided uninsured/underinsured ("UM/UIM") coverage to Aaron and Jessica. On appeal, Grange contends, inter alia, that its policy limits UM/UIM coverage to "uninsured motor vehicles" and that the motorcycle in question was not an "uninsured motor vehicle" as defined by its policy. We agree. Accordingly, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Passenger, Ginger Phillips, died when her husband, Jeff Phillips, lost control of his motorcycle. Grange insured Ginger and Jeff under an insurance policy *Page 2 
(hereinafter "auto policy") that covered and listed a 1998 Dodge Ram truck, a 2001 Ford Ranger truck, and a 2002 Dodge Stratus SE. The auto policy did not list the Harley Davidson motorcycle involved in the accident. Apparently, Ginger and Jeff had a separate insurance policy that covered the motorcycle.
 {¶ 3} The Phillips had two children, Aaron and Jessica. Aaron is the administrator of Ginger's estate. Eventually, Grange paid $25,000, which apparently equaled the limits of the motorcycle liability policy, to Ginger's estate. The estate distributed all of that money to Jeff.
 {¶ 4} Aaron and Jessica sought UM/UIM coverage under the Grange auto policy. The parties agree that Aaron and Jessica are insureds under the auto policy. However, Grange denied their claim because it asserted that the policy excluded coverage. Aaron, individually and as administrator of Ginger's estate, and Jessica (collectively referred to as "children") filed a declaratory judgment action seeking a determination that they had UM/UIM coverage under the auto policy, which has $50,000/$100,000 UM/UIM limits.
 {¶ 5} Grange and the children filed separate motions for summary judgment on the issue of whether the children had UM/UIM coverage under the auto policy. The trial court granted the children's motion for summary judgment and denied Grange's motion. Specifically, the trial court found that the "other owned vehicle" exclusion in the Grange auto policy was ambiguous, and therefore, when construed in favor of the children, the auto policy provided coverage. *Page 3 
 {¶ 6} Grange appeals the trial court's judgment and asserts the following assignments of error: I "THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF-APPELLEES AARON PHILLIPS AND JESSICA PERKINS WERE ENTITLED TO UM/UIM COVERAGE UNDER THE POLICY ISSUED BY GRANGE MUTUAL CASUALTY COMPANY TO JEFF AND GINGER PHILLIPS." And, II. "THE TRIAL COURT ERRED IN RULING THAT DEFENDANT-APPELLANT GRANGE MUTUAL IS NOT PERMITTED TO SET OFF ANY PAYMENTS MADE FROM THE TORTFEASOR'S LIABILITY POLICY. THE PROCEEDS OF THAT POLICY WERE "AVAILABLE" TO PLAINTIFFS-APPELLEES AARON PHILLIPS AND JESSICA PERKINS."
 II. {¶ 7} Grange contends in its first assignment of error that the trial court erred when it granted the children's motion for summary judgment and denied its motion for summary judgment. We agree.
 {¶ 8} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56; see, also, Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court *Page 4 
independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley,75 Ohio App.3d at 411-12. See, also, Schwartz v. Bank One, Portsmouth, N.A.
(1992), 84 Ohio App.3d 806, 809.
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings (Citation omitted.) He must present evidentiary materials showing that a material issue of fact does exist." Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 10} Here, the trial court's grant of summary judgment included an interpretation of an insurance policy. "An insurance policy is a contract." Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, ¶ 9. An appellate court's interpretation of an insurance policy is a question of law that we review de novo. Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. The role of an appellate court, when facing an issue of contract interpretation, "is to give effect to the intent of the parties to the agreement."Galatis at ¶ 11, citing Hamilton Ins. Serv. Inc. v. Nationwide Ins.Cos. (1999), 86 Ohio St.3d 270, 273; citing Employers' Liab. Assur. *Page 5 Corp. v. Roehm (1919), 99 Ohio St. 343, syllabus; Section 28, ArticleII, Ohio Constitution.
 {¶ 11} This court will "examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." Id., citing Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus. We must "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." Id., citing Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." Id.
 {¶ 12} When terms in an insurance policy "are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, at syllabus; see, also,Galatis at ¶ 13. However, this "rule will not be applied so as to provide an unreasonable interpretation of the words of the policy."Galatis at ¶ 14, quoting Morfoot v. Stake (1963), 174 Ohio St. 506, paragraph one of the syllabus.
 {¶ 13} The parties agree that R.C. 3937.18, as amended by Senate Bill 97, effective October 31, 2001, governs the Grange insurance policy at issue.
 {¶ 14} Grange contends that the trial court erred in holding that the children were entitled to UM/UIM coverage under the Grange auto policy. Grange asserts three arguments as to why the court should have granted its motion for summary judgment: (1) the children did not sustain bodily injury themselves; (2) coverage was excluded by *Page 6 
the "other owned auto exclusion;" and (3) that the motorcycle was not an "uninsured motor vehicle" as defined in the Grange policy.
 {¶ 15} We first address whether the motorcycle was an "uninsured motor vehicle," as defined by the Grange policy, because this issue is dispositive. Grange contends that the policy only provides "UM/UIM coverage for losses involving an "uninsured motor vehicle[,]" and that the motorcycle was not an "uninsured motor vehicle" because "it was owned by * * * [Jeff Phillips] and was not * * * [a vehicle listed on the declarations page]." Grange refers to this as "a second exclusionary clause that * * * precludes coverage in this case."
 {¶ 16} The UM/UIM portion of the Grange policy provides that "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of * * * Bodily injury suffered by the insured and caused by an accident * * *." Under the UM/UIM portion of the Grange auto policy, the term "insured" is defined as "You or any family member." The term "you" is defined as "the named insured, which includes the individual named on the Declarations page or that person's spouse if a resident of the same household." Jeff Phillips and Ginger Phillips are the "named insured[s]" on the declarations page.
 {¶ 17} The term "family member" is defined in the policy as "a person related to you by blood, marriage or adoption and whose principal residence is the location shown in the Declarations." Here, it is undisputed that Ginger Phillips sustained bodily injury as defined in the policy, but that the children did not. It is further undisputed that Ginger Phillips and the children are all "insureds" under the Grange insurance policy. *Page 7 
 {¶ 18} Thus, as expressly provided by the Grange policy, in order to recover UM/UIM benefits, the insured must be "legally entitled to recover from the owner or operator of an uninsured motor vehicle * * *." As such, the motorcycle Jeff Phillips operated at the time of the accident must be an "uninsured motor vehicle" in order for the children to recover. If the motorcycle is not an "uninsured motor vehicle," then summary judgment in favor of Grange is proper as a matter of law.
 {¶ 19} An "uninsured motor vehicle" includes "an underinsured motorvehicle[,]" which in turn includes "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the limits of coverage available for bodily injury liability is less than the limit of liability for this coverage." Here, the motorcycle was insured under a separate policy, but at a limit less than the UM/UIM limits of the subject Grange policy. However, as aptly pointed out by Grange in its motion for summary judgment and its brief on appeal, an "uninsured motor vehicle does not include any vehicle or equipment * * * [o]wned by or furnished or available for the regular use of you or any family member except your coveredauto."[1] The term "your covered auto" is defined as "[a]ny vehicle shown in the Declarations." It is undisputed that the motorcycle was not listed in the Declarations. Further, "[a]n underinsured motorvehicle does not include a land motor vehicle* * *furnished for the regular use of you, your spouse, or any family member." *Page 8 
 {¶ 20} Here, neither party presented evidence in the form of a title to prove ownership of the motorcycle, however, neither party disputes that Jeff Phillips was the owner of the motorcycle. Regardless, the fact that Jeff Phillips was the insured under a separate Grange insurance policy insuring the motorcycle shows some evidence that Jeff Phillips owned the motorcycle, or at the very least, that it was "furnished or available for * * * [his] regular use[.]" There was no other evidence presented upon which a reasonable mind could rely upon to conclude that the motorcycle was not, at the least, "furnished or available for * * * [Jeff Phillips's] regular use[.]"
 {¶ 21} Therefore, we find that the motorcycle operated by Jeff Phillips at the time of the accident was not an "uninsured motor vehicle." Consequently, the trial court erred when it did not issue summary judgment in favor of Grange.
 {¶ 22} Accordingly, we sustain Grange's first assignment of error in part. We find its remaining arguments under the first assignment of error and its second assignment of error moot. See App.R. 12(A)(1)(c). We reverse the judgment of the trial court.
JUDGMENT REVERSED.
[1] This court has upheld a similar exclusion in a post Senate Bill 97 UM/UIM policy. See Howard v. Howard, Pike App. No. 06CA755,2007-Ohio-3940. In fact, the provision at issue here is less restrictive than the one at issue in Howard because vehicles owned by the insured can be uninsured motor vehicles under the Grange policy so long as they are "shown in the Declarations." In Howard, however, the policy excluded all vehicles owned by the insured from the definition of an "uninsured motor vehicle." *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and Appellees shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1