DECISION AND JUDGMENT ENTRY
{¶ 1} Ross County Redi-Mix Co., Inc. (hereinafter "Ross-Co") appeals and Grange Mutual Casualty Company (hereinafter "Grange") cross-appeals the summary judgment in Ross-Co's declaratory judgment action in favor of Grange from the Ross County Common Pleas Court. Central States, Southeast and Southwest Health Care and Welfare Fund (hereinafter "Central States") provided health insurance for Ross-Co's union workers. Central States filed an underlying complaint against Ross-Co to recover unpaid insurance premiums. After Grange refused to defend Ross-Co under its policy, Ross-Co filed a complaint for declaratory judgment against Grange on the issues of coverage, the duty to defend, and bad faith. Grange moved for summary judgment. *Page 2 
The trial court granted the motion because it found that the Grange policy did not provide "benefit error" coverage, and as such, it had no "duty to defend."
 {¶ 2} On appeal, Ross-Co contends that the trial court erred when it granted Grange's motion for summary judgment. Because the trial court referred to four different contracts in its decision granting Grange's motion for summary judgment, and because only one of the four contracts was made a part of the record, we find that the trial court erred by not reviewing all four contracts before it ruled on Grange's motion. Accordingly, we sustain Ross-Co's sole assignment of error, overrule Grange's cross-assignment of error, vacate the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 3} Years ago, the Teamsters, on behalf of its union members, entered into a collective bargaining agreement (hereinafter "CBA") with several employers, including Ross-Co. Under the CBA, which was not made a part of the record, Ross-Co evidently agreed to pay a portion of the health insurance premiums for each union member it employed. Further, each union member employee was apparently required to pay the remaining portion of the health insurance premium. It seems that Ross-Co was required to withhold each employee's share and send the total premium (including its share) to Central States.
 {¶ 4} The CBA must have required all union employees to participate. However, Ross-Co counseled their employees that they could "opt-out" of the health plan. Therefore, Ross-Co did not withhold health premiums from the employees who opted *Page 3 
out. Consequently, it only sent health premiums to Central States for the employees that still participated.
 {¶ 5} Years later, after it became aware that Ross-Co was not remitting payments for all its employees, Central States filed a complaint against Ross-Co in federal court. Central States requested damages for the amount of the health premiums, due under the CBA, contending that Ross-Co should have paid it with one hundred percent participation by all union member employees from 1985 through 2004.
 {¶ 6} Ross-Co had an employee-benefits liability policy from Grange. Based on this policy, Ross-Co requested Grange (1) for coverage and (2) to defend the underlying federal action. Grange refused coverage on the basis that it was not responsible for breach of contract claims under the policy, and consequently did not have the duty to defend. Eventually, Ross-Co settled the dispute with Central States by paying a portion of the premiums it owed and a portion of the premiums that it did not withhold from the "opted out" union employees. However, the settlement agreement was not made a part of the record.
 {¶ 7} Based on Grange's refusal to cover or defend the underlying federal action, Ross-Co filed a complaint against Grange in this action for declaratory judgment and damages. Ross-Co requested the court to find that the policy provided coverage and that Grange owed Ross-Co the duty to defend. In addition, Ross-Co included a bad faith claim in its complaint. Grange answered, denying coverage and the duty to defend under the policy. It further claimed that it negotiated the claim in good faith. After *Page 4 
discovery, Grange moved for summary judgment. The trial court granted Grange's motion.
 {¶ 8} The court found that the policy did not provide coverage. While it found that Central States was a beneficiary of present or former employees, it denied coverage because it found that a "benefit error" did not include a breach of contract, i.e., the failure of Ross-Co to make the premium payments under the CBA. The court further found that Grange did not have the duty to defend Ross-Co in the underlying federal action because Central States did not allege a "benefit error" in its complaint. Based on these findings, the court did not address any of the policy exclusions asserted by Grange. In addition, it did not mention Ross-Co's bad faith claim but denied it by implication when it granted Grange's motion and dismissed all the claims.
 {¶ 9} In its decision granting Grange's motion for summary judgment, the trial court refers to four separate contracts, which are the: (1) CBA, (2) Fund agreement, (3) employee-benefits liability insurance policy, and (4) settlement agreement. Yet, only the insurance policy was made a part of the record.
 {¶ 10} Ross-Co appeals the trial court's judgment and asserts that the trial court erred when it granted Grange's motion for summary judgment. Grange cross-appeals the same judgment and maintains that the trial court erred when it found that Central States is a "beneficiary" under the Grange policy.
 II. {¶ 11} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. *Page 5 
 {¶ 12} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 13} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings (Citation omitted.) He must present evidentiary materials showing that a material issue of fact does exist." Morehead v. Conley, 75 Ohio App.3d at 413. *Page 6 
 {¶ 14} Here, the trial court's grant of summary judgment included an interpretation of four separate contracts, including an insurance policy. "An insurance policy is a contract." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 9. An appellate court's interpretation of an insurance policy is a question of law that we review de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108. The role of an appellate court, when facing an issue of contract interpretation, "is to give effect to the intent of the parties to the agreement." Galatis at ¶ 11, citingHamilton Ins. Serv. Inc. v. Nationwide Ins. Cos. (1999),86 Ohio St.3d 270, 273; citing Employers' Liab. Assur Corp. v. Roehm (1919),99 Ohio St. 343, syllabus; Section 28, Article II, Ohio Constitution.
 {¶ 15} This court will "examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." Id., citing Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus. We must "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." Id., citing Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." Id.
 {¶ 16} When terms in an insurance policy "are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, syllabus; see, also,Galatis at ¶ 13. However, this "rule will not be applied so as to provide an *Page 7 
unreasonable interpretation of the words of the policy."Galatis at ¶ 14, quoting Morfoot v. Stake (1963), 174 Ohio St. 506, paragraph one of the syllabus.
 A. {¶ 17} Ross-Co first contends that the trial court erred when it found that the Grange policy did not provide coverage for Ross-Co's "benefit error" claim. The trial court found that the damages requested in Central States' underlying complaint were for a breach of the CBA, not for an alleged "benefit error." Ross-Co asserts that part of the damages arose from a "benefit error," not a breach of the CBA. It maintains that the following language in the policy provides coverage:
 We will pay those sums that the insured becomes legally obligated to pay to any present or former "employee" or the heirs, beneficiaries, or legal representatives of any present or former "employee" as damages because of a "benefit error" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages[.] (Emphasis added.)
 "Benefit error" is defined to mean any act or negligence, error, mistake, or omission of an insured or others, for whom the insured is legally responsible, in the "administration of the insured's "benefit programs." (Emphasis added.)
 The policy further provides that "administration" means the following activities:
 a. Counseling "employees" with respect to "employee benefit programs;"
 b. Interpretations relative to "employee benefit programs;"
 c. Record-keeping in connection with "employee benefit programs."
 {¶ 18} We agree with the trial court that policies purporting to cover an employer's negligence while administering employee benefit plans usually do not provide coverage when the insured breaches a contract. See, e.g., May Dept. Stores Co. v. Federal Ins. *Page 8 Co. (7th Cir.2003), 305 F.3d 597; Baylor Heating and Air-Conditioning,Inc. v. Federated Mut. Ins. Co. (7th Cir.1993), 987 F.2d 415.
 {¶ 19} However, here, Ross-Co contends that Central States sought damages in its underlying federal complaint beyond Ross-Co's own contractual duty to pay its share. That is, Central States also sought the union employees' portion of the premium not paid because Ross-Co mistakenly counseled them by telling them they could opt out. Ross-Co maintains that Central States suffered two types of damages: (1) the portion of the premium that Ross-Co had a duty to pay under the CBA and (2) the portion of the premium that each employee had a duty to pay under the CBA. The crux of this part of the claim for damages is that Ross-Co negligently advised its employees not to pay their share of the premiums.
 {¶ 20} Ross-Co's argument requires the interpretation of four different contracts to determine the relationship between the parties and the rights and duties owed. "The construction of written contracts * * * is a matter of law." Alexander v. Buckeye Pipe Line Co (1978),53 Ohio St.2d 241, paragraph one of the syllabus. However, even though the trial court refers to the four contracts in its decision, it could not have reviewed three of the contracts because, as we stated earlier, they were not made a part of the record.
 {¶ 21} We find that the relationship of all the contractual parties is critical to deciding the motion for summary judgment. It is impossible to decide to whom a duty is owed unless the contracts are reviewed. Those duties are questions of law. Therefore, the trial court must review them. *Page 9 
 {¶ 22} For example, the trial court found that Ross-Co breached the CBA, and thus, Ross-Co is not covered under the insurance policy. However, the CBA is not part of the record. The court further found that "the Fund was a beneficiary of an employee under the plan." Again, the Fund agreement is not part of the record. In addition, the settlement agreement is critical to determine the type of damages Ross-Co paid to Central Trust in the underlying claim. That is, does the settlement agreement show the percentage of damages Ross-Co owed versus the amount Ross-Co's employees owed? Or, does the CBA and/or settlement agreement provide that Ross-Co is liable for both types of damages: (1) the amount it owed and (2) the amount it was apparently required to withhold from union employees paychecks? We, like the trial court, need to review the other three contracts to answer these legal questions.
 {¶ 23} Until the trial court reviews all four contracts, we find the following arguments cannot be addressed: (1) the "benefit error" claim; and (2) the "duty to defend" claim. We find the same for Grange's "Central States is not a `beneficiary'" argument in its cross-appeal. In addition, as to Ross-Co's remaining arguments, because the trial court never addressed any coverage "exclusion" or the "bad faith"[1] claim, we have nothing to review. See, e.g., Yazdani-lsfehani v.Yazdani-lsfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 30, citingMurphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360; State v.Cookson (Sept. 25, 2001), Washington App. No. 00CA53. (We note that Ross-Co and Grange can again raise these issues in the trial court on remand.) *Page 10 
 {¶ 24} Therefore, because we find all four contracts are critical in determining the rights and duties owed by all the parties; and because the trial court never reviewed these critical documents, we must sustain Ross-Co's sole assignment of error and overrule Grange's cross-assignment of error. We vacate the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED and this cause BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee/Cross-Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment Only.
[1] Grange admits that the trial court never directly addressed this separate claim. Yet, the trial court granted Grange's motion for summary judgment and dismissed the entire complaint. Apparently, the trial court thought that its findings of no coverage and no duty to defend the alleged "benefit claim" eliminated the need to address the "bad faith" claim. *Page 1